<div style="text-align:center">

# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF IDAHO

</div>

| IN RE:<br><br>CREWDSON, JULIE A.,<br><br>Debtor. | Case No. 19-01306-NGH<br><br>Chapter 13 |
|---|---|

<div style="text-align:center">

## MEMORANDUM OF DECISION

</div>

Appearances:

    D. Blair Clark, Boise, Idaho, attorney for debtor.

    Kathleen A. McCallister, Meridian, Idaho, chapter 13 trustee.

## INTRODUCTION AND BACKGROUND

Debtor Julie Crewdson confirmed her chapter 13 plan approximately four years ago.[1] Since confirmation, the chapter 13 trustee, Kathleen McCallister ("Trustee"), and Debtor have litigated multiple motions to dismiss and to modify the chapter 13 plan, all of which the parties eventually resolved, but not without significant time and effort.

On December 19, 2023, Debtor's counsel, D. Blair Clark ("Counsel"), filed an "Application for Compensation by Attorney for Debtor," Doc. No. 102 (the "Application"). The Application seeks approval of post-confirmation compensation

---

[1] Unless otherwise indicated, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101–1532, all "Rule" references are to the Federal Rules of Bankruptcy Procedure, Rules 1001–9038, and all "Civil Rule" references are to the Federal Rules of Civil Procedure.

MEMORANDUM OF DECISION - 1

totaling $17,838.50 and reimbursement of expenses totaling $100.92.[2] Trustee objected to the Application and asserted Counsel's fees and costs should be reduced to $13,229.10. *See* Doc. No. 104 (the "Objection"). Counsel filed a response to the Objection. Doc. No. 106 (the "Response"). The parties presented arguments regarding the Application at a February 5, 2024 hearing, after which the Court took the issues under advisement. Upon review of the record and consideration of the parties' arguments, the Court concludes Trustee's Objection should be sustained in part and overruled in part.[3]

**DISCUSSION AND DISPOSITION**

As a preliminary matter, Counsel's Response alleges Trustee's Objection violates Rule 9011. Counsel further asserts in the Response that he complied with the safe harbor provision in Rule 9011 by requesting Trustee withdraw her Objection. Counsel did not file a separate motion requesting sanctions as required by Rule 9011(c)(1)(A). At the hearing, Counsel clarified that he was not requesting sanctions pursuant to Rule 9011 through the Response. However, to the extent the Response can be read to seek sanctions pursuant to Rule 9011, the Court expressly denies such request based on Counsel's failure to separately seek sanctions as required by the Rule.

    **A.**    **Standard**

Section 330(a)(4)(B) of the Bankruptcy Code provides that, in a chapter 13 case, "the court may allow reasonable compensation to the debtor's attorney for representing

---

[2] This is in addition to the $3,410.40 in fees and costs previously approved in this case. Doc. No. 33.

[3] This Memorandum constitutes the Court's findings of fact and conclusions of law. Fed. R. Bankr. P. 7052; 9014.

MEMORANDUM OF DECISION - 2

the interests of the debtor in connection with the bankruptcy case based on a consideration of the benefit and necessity of such services to the debtor and the other factors set forth in this section." The "other factors" for consideration by the Court, listed in § 330(a)(3), include the time spent on the services; the rate charged; whether the services were necessary to the administration of the case; whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problems, issues or tasks addressed; and whether the compensation requested is reasonable compared to that charged by comparably skilled practitioners.

      **B.**      **Objection to Services**

Trustee's objections to Counsel's fees fall into six categories, which the Court will address in turn.

      **1.**      **Fees for surrender of vehicle.**

First, Trustee objects to the following time entries regarding the surrender of Debtor's vehicle to a creditor:

| Date | Rate | Hours | Amount | Narrative |
| --- | --- | --- | --- | --- |
| 1/29/2020 | $250 | 0.8 | $200 | RELIEF FROM STAY PROCEEDINGS: Review of request for vehicle from trustee and lender counsel (.3); Note from and to client re same (.2); review of proposed stipulation re same (.3) |
| 1/30/2020 | $250 | 0.6 | $150 | RELIEF FROM STAY PROCEEDINGS: Review of documents and dialogue re surrender of vehicle; notes with bank atty |

MEMORANDUM OF DECISION - 3

Trustee argues there were no relief from stay proceedings and that Debtor voluntarily agreed to surrender a leased vehicle to the creditor.[4]  Since there was no contested matter, Trustee argues Counsel's fee for this matter should be reduced to $100, which is a reasonable amount to address the surrender of the vehicle through a stipulation.

Counsel argues in his Response that the reference to relief from stay proceedings is due to the U.S. Trustee's Fee Guidelines, which require time and service entries be arranged by project categories.  In this case, Counsel categorized the surrender of the vehicle into the relief from stay project category.  He further argues his fee was reasonable because he was required to devote significant time to communicating with Debtor regarding the matter.

After considering the factors listed in § 330(a)(3), the Court concludes the services reflected in Counsel's time entry on January 29 to facilitate the surrender of the vehicle were reasonable and necessary.  The Court, however, is unable to effectively review Counsel's January 30 time entry because the time entry is "lumped."  Lumping occurs where multiple services are included in the same time entry, making it difficult to discern how much time was spent on each task and whether that time was reasonable.[5]  *In re Blue*

---

[4] On December 17, 2019, counsel for the creditor filed a "Stipulation to Surrender Vehicle and Withdraw [sic] of Objection to Confirmation of Plan" (Doc. No. 28), a simple four sentence stipulation signed by Trustee, counsel for Debtor, and counsel for the creditor, which provided for Debtor's rejection of the vehicle lease and surrender of the vehicle.

[5] Counsel's submission includes numerous lumped time entries, not all of which will be addressed in this decision.  These are problematic, and the Court cautions Counsel that such an approach to billing makes it difficult to defend an objection to fees like that brought here by Trustee.  However, in reviewing the entirety of Counsel's Application, the Court concludes that, with the exception of the entries and time specifically identified in this decision, and despite the lumped entries, Counsel's time and charges were reasonable and necessary given the course of this case.

MEMORANDUM OF DECISION - 4

*Circle Invs., LLC*, 2022 WL 1241426, at *2 (Bankr. D. Idaho Apr. 27, 2022). Moreover, given the time dedicated the prior day to reviewing the stipulation regarding the surrender of the vehicle, and without specific amounts of time allocated per task, the Court is unable to determine if any of the lumped time was reasonable. As such, the Court will sustain Trustee's objection as to the January 30 time entry and reduce Counsel's fee award by $150.

**2.     Fees for response to motion to dismiss.**

Next, Trustee objects to the following time entries regarding a motion to dismiss for Debtor's failure to provide Trustee with a copy of her 2019 tax returns:

| Date | Rate | Hours | Amount | Narrative |
|---|---|---|---|---|
| 8/7/2020 | $85 | 0.1 | $8.50 | Review of motion from trustee on taxes; discuss w/DBC |
| 8/7/2020 | $250 | 0.3 | $75 | CASE ADMINISTRATION: Review of motion to dismiss; letter to client re same |
| 8/10/2020 | $250 | 0.4 | $100 | CASE ADMINISTRATION: Fees for motion to dismiss, response, and tax return questions |

Trustee argues the $8.50 charged by Counsel's paralegal to review the motion and discuss with Counsel is duplicative since Counsel also reviewed the motion. The Court agrees and will sustain Trustee's objection to the August 7 time entry totaling $8.50. Trustee also argues the August 10 time entry was unnecessary since Trustee withdrew the motion to dismiss on August 14 after she received a copy of the tax returns. The Court will overrule this objection. It was reasonable and necessary for Counsel to prepare a response to the motion to dismiss prior to Trustee withdrawing the motion, even if the response was not ultimately filed with the Court. Accordingly, the Court will reduce Counsel's fee award by an additional $8.50.

MEMORANDUM OF DECISION - 5

### 3. Fees for preparing plan modification and budget.

Trustee objects to the following time entries regarding preparing a motion to modify the plan and amended Schedules I and J:

| Date | Rate | Hours | Amount | Narrative |
|---|---|---|---|---|
| 9/8/2020 | $250 | 0.5 | $125 | PLAN: Work on budget revisions; transmittal to Julie |
| 9/16/2020 | $250 | 0.3 | $75 | PLAN: Transmittal of documents and emails with KAM |
| 9/16/2020 | $250 | 0.9 | $225 | PLAN: Dialogue with Matt et al; transmittal of Julie's information; notes with Julie re same |
| 9/17/2020 | $250 | 0.2 | $50 | PLAN: Work on budget and paystubs |
| 9/24/2020 | $250 | 0.1 | $25 | CASE ADMINISTRATION: Receipt and transmittal of paystubs |
| 9/25/2020 | $250 | 0.2 | $50 | PLAN: Note from Matt re modification of plan; transmittal to Julie |
| 10/1/2020 | $250 | 0.4 | $100 | PLAN: Email from Kathleen re payment reduction; forward to Julie and discussion |
| 10/1/2020 | $250 | 0.2 | $50 | PLAN: Dialogue with Julie |
| 10/9/2020 | $250 | 2.3 | $575 | PLAN: Preparation of Amended I-J for filing; preparation of motion to modify Plan; transmittal to client |
| 10/9/2020 | $250 | 0.4 | $100 | PLAN: Work on budget; transmittal to Julie |
| 10/11/2020 | $250 | 0.7 | $175 | PLAN: Preparation of motion to modify and notice of motion; filing thereof and service |

These time entries total 6.2 hours and amount to $1,550 in fees charged.

Trustee argues that 5.5 hours of work are attributed to amending Schedules I and J, which is unreasonable and excessive. Trustee seeks to reduce Counsel's compensation by $875, consisting of 3.5 hours of work. In reviewing these time entries, the Court concludes Counsel spent approximately 2.0 hours communicating with Trustee, Trustee's paralegal, and his client.[6] Counsel spent an additional 4.2 hours drafting Debtor's

---

[6] These communications are reflected in the time entries for September 16, September 25, and October 1. However, the Court acknowledges that time entries on September 8 and October 9 indicate (Continued)

MEMORANDUM OF DECISION - 6

amended schedules and the motion to modify the plan. The Court, however, is unable to determine how much time Counsel devoted to drafting each document. The bulk of this work occurred on October 9, when Counsel devoted 2.3 hours to preparing the amended schedules and plan modification. Due to lumping, however, the Court is unable to effectively review the time entry. Given its experience in reviewing fee applications, the Court concludes 2.0 hours is a reasonable amount of time to draft amended schedules and a motion to modify the chapter 13 plan. As such, the Court will sustain Trustee's Objection in part and disallow 2.2 hours, amounting to a $550 reduction.

### 4. Fees for responding to May 2022 motion to dismiss.

On May 16, 2022, Trustee filed a motion to dismiss for Debtor's failure to provide Trustee with copies of her 2021 tax returns. Doc. No. 59. Trustee withdrew the motion to dismiss on May 31, 2022. Doc. No. 61. Trustee objects to Counsel's May 26, 2022, .6 hour time entry totaling $150 to communicate with his client regarding the matter since Trustee ultimately withdrew the motion to dismiss once she received the returns. Counsel's time entry reads: "CASE ADMINISTRATION: Followup [sic] with Julie re tax returns and W-2's for TTEE." The Court concludes such communication was reasonable and necessary given the pending motion to dismiss and Trustee's objection will be overruled.

### 5. Fees for responding to May 2023 motion to dismiss.

---

some communication may have been made with Debtor those days as well, but the entries are lumped and it is unclear how much time was spent in communication as opposed to drafting amended schedules and the motion to modify the plan.

MEMORANDUM OF DECISION - 7

On May 19, 2023, Trustee filed a motion to dismiss for Debtor's failure to provide her with copies of her 2022 tax returns. Doc. No. 62. Trustee withdrew the motion to dismiss on May 25, 2023. Doc. No. 65. Trustee objects to Counsel's May 19, 2023 time entry for $275, consisting of 1.1 hours, to address this matter. Counsel's time entry reads: "CASE ADMINISTRATION: Review motion to dismiss from trustee; dialogue with client; receipt of Julie's returns and filing with trustee." The Court concludes it was reasonable and necessary for Counsel to charge $275 to review the motion to dismiss, communicate with his client regarding the matter, and provide copies of the tax returns to the Trustee. Trustee's objection will be overruled.

### 6. Fees for litigating motion to modify plan.

After receiving copies of the Debtor's 2022 tax returns, Trustee filed a motion to modify the chapter 13 plan due to Debtor's increased income. Doc. No. 64. Rather than modify the plan to increase plan payments, Debtor agreed to refinance her home and use her home equity to pay her creditors in full. *See* Doc. No. 77. Debtor was unable to refinance her home, however, and at the request of the parties, the Court vacated the modification order and set an evidentiary hearing on Trustee's motion to modify. Doc. No. 85. Trustee objects to the following time entries associated with litigating the motion to modify:

| Date | Rate | Hours | Amount | Narrative |
|---|---|---|---|---|
| 10/20/2023 | $250 | 0.8 | $200 | PLAN: Review of Julie's plan budget and issues; query re medical expenses 2023 |
| 10/22/2023 | $250 | 2.3 | $575 | PLAN: Work on pre-hearing brief (1.3); work on questions for Julie and exhibits (1.0) |

MEMORANDUM OF DECISION - 8

| Date | Rate | Hours | Amount | Description |
|---|---|---|---|---|
| 10/23/2023 | $250 | 4.5 | $1,125 | Crewdson, Julie - Briefs, Witness List & Exhibit List and selection re Trustee's Motion to Modify Plan; preparation of corrections to budget and means test; review of updated paystubs and calculations |
| 10/23/2023 | $250 | 5.6 | $1,400 | Review and preparation of Exhibits (10/22/23, 1.4 hours, 10/23/23, 1 hour)--2.4 hours<br><br>Work and research on brief (10/22//23, 1.1 hours; 10/23/23, 2.1 hours)--3.2 hours<br><br>Communications with Trustee, n/c |
| 10/23/2023 | $250 | 0.9 | $225 | PLAN: Work on case presentation; note to client re information needed from Julie |
| 10/23/2023 | $250 | 0.4 | $100 | PLAN: Settlement offer to KAM |
| 10/24/2023 | $250 | 2.1 | $525 | PLAN: Finalization of brief (.9); preparation of exhibits (.6); letter to KAM trying to negotiate resolution and explain Julie's condition |
| 10/30/2023 | $250 | 6.6 | $1,650 | Hearing on Trustee's Motion, 4.0 hours<br>Post-hearing research re effective date of modification order and finding In re Hall decision, 1.4<br>Conferences with client and letter to trustee re proposed compromise 1.2 |
| 10/30/2023 | $250 | 3.8 | $950 | PLAN: Research re "1329 issues and effective date of order" |
| 11/3/2023 | $250 | 3.5 | $875 | DBC--call and attempts to negotiate with KAM; research re effective date of order for modification |
| 11/3/2023 | $250 | 0.8 | $200 | PLAN: Dialogue with KAM re latest "final offer to settle;" notes to Julie re offer and recommendation |
| 11/19/2023 | $250 | 0.4 | $100 | PLAN: Review of Hall decision re effective date of modification of plan |

Regarding the October 20 and October 22 time entries, Trustee argues the entries are excessive. However, the parties were working under an October 23 deadline to submit their briefs and disclose witnesses and exhibits for the October 30 evidentiary hearing. Doc. No. 85. Accordingly, the Court finds these time entries to be reasonable and necessary.

MEMORANDUM OF DECISION - 9

Considering the October 23 time entries, Trustee argues it was excessive for Counsel to bill 11.4 hours this day. A close review of the time entries, however, reveals that 2.5 hours of work that Counsel billed on October 23 was performed on October 22. While Counsel should have billed this to his October 22 time entries, it is clear that he only performed 8.9 hours of work on October 23.

While the 8.9 hours Counsel spent preparing for the hearing exceeds the approximate 6.0 hours Trustee spent preparing for the hearing, the Court concludes Counsel's time entries are not excessive. Counsel spent that time reviewing and preparing exhibits for the evidentiary hearing, preparing the prehearing brief, generally preparing for the evidentiary hearing, and communicating with Debtor and Trustee. These are all reasonable and necessary charges in preparation for an evidentiary hearing. Further, the rate charged by Counsel of $250 per hour is lower than many other practitioners in this District. Considering Counsel's rate and the necessity of the charges, the Court will overrule the Trustee's objection to these time entries.

Regarding the October 24 time entry, Trustee argues Counsel billed 2.1 hours unnecessarily preparing exhibits, a witness list, and brief, which he filed the day prior. In his Response, Counsel clarifies that work done on the exhibits on October 24 was performed by his paralegal when she prepared the exhibit binders for use at the hearing. He further stated that "[m]y time on that day was working with the client on preparation of her testimony and attempting to work with [sic] resolving the matter with the Trustee." Doc. No. 106 at p. 5. The Trustee does not object to Counsel's paralegal time entries for preparing the exhibits. However, Counsel's October 24 time entry contains a .9-hour

MEMORANDUM OF DECISION - 10

charge for finalizing the brief, which was filed the day prior, and a .6-hour charge for preparing the exhibits. The Court is unable to square these time entries with Counsel's Response in which he indicates he spent that day working with his client in preparation for the evidentiary hearing and attempting to reach a resolution with Trustee. Accordingly, the Court will sustain Trustee's objection, in part, and reduce Counsel's fee award by an additional $375.

Regarding the October 30 time entries, Trustee contends Counsel overbilled by 2.4 hours. Counsel does not specifically address this objection in his Response, other than to accuse Trustee of being arrogant and unprofessional, which does not aid the Court in resolving the matter. Counsel's first time entry on October 30 is reasonable. He billed 4.0 hours for attending the evidentiary hearing, 1.4 hours researching a legal issue the parties requested to brief at the conclusion of the hearing, and 1.2 hours meeting with his client and preparing a settlement letter to Trustee. That same day, however, Counsel, also billed an additional 3.8 hours to research the same legal issue discussed at the conclusion of the evidentiary hearing. In total, Counsel indicates he spent 5.2 hours researching the issue that day, which exceeds the time he spent presenting evidence and testimony to the Court. While the amount of time Counsel spent researching the issue is conspicuous, and Trustee argues Counsel did not actually spend that time performing legal research, there is nothing in the record corroborating Trustee's argument. Further, since Counsel does bill his time at a lower hourly rate than many practitioners in the District, the Court will overrule Trustee's objection regarding these time entries.

MEMORANDUM OF DECISION - 11

Considering the November 3 time entries, Trustee argues Counsel overbilled his time by at least 3.3 hours. Counsel's first time entry on November 3 indicates he spent 3.5 hours and charged $875 for a "call and attempts to negotiate with KAM; research re effective date of order for modification." Since Counsel spent 5.2 hours researching this same legal issue just four days prior, it is problematic that Counsel does not delineate between the time he spent on legal research and the time he spent attempting to communicate with Trustee. The Court is unable to effectively review this time entry due to lumping, and therefore, the Court will reduce Counsel's fee award by an additional $875. The Court, however, finds that Counsel's second time entry that same day, for .8 hours for settlement negotiations with Trustee and communicating with his client, is reasonable.

Finally, Trustee objects to Counsel's November 19 time entry for .4 hours to review a legal decision regarding the effective date of a plan modification. Trustee objects to this time entry because the matter had been resolved by this date. On November 13, the Court entered an order, endorsed by both parties, resolving the contested modification. Doc. No. 100. The Court finds that this time entry was not necessary. The modification issue had been resolved and Counsel was not required to continue to perform legal research regarding the matter. The Court will sustain Trustee's objection and reduce Counsel's fee award by an additional $100.

**CONCLUSION**

After considering the parties' arguments and the factors listed in § 330(a)(3), the Court will sustain Trustee's objection, in part, and reduce Counsel's fee award by a total

MEMORANDUM OF DECISION - 12

<a>
</a>

of $2,058.50. Accordingly, the Court will approve the Application in the amount of $15,780 plus reimbursement of expenses totaling $100.92, for a total award of $15,880.92. Counsel shall submit an order to the Court consistent with this decision, endorsed by Trustee.

DATED: March 15, 2024



_____
NOAH G. HILLEN
Chief U.S. Bankruptcy Judge

MEMORANDUM OF DECISION - 13